## JAMES NAVE v. JAMES LETCHER.

Vendor and Vendee — Acceptance of Deed of Vendor — Tender of Deed in Court.

> A. sells lands to B. agreeing to make a conveyance of same. B. enters into possession and later files suit against A. for an exhibit of title, alleging that he had paid for the land and demands a deed of conveyance, suggesting that A. could not make a valid deed on account of certain incumbrances. A. answers, setting out a continuous thirty years' title through heirs who had obtained the land from a commissioner's sale of a dower interest and delivers to and tenders through the court a deed of conveyance: *Held,* that a continuous occupancy and possession of the land for thirty years would constitute perfect title, and B. should accept the deed as tendered.

APPEAL FROM GARRARD CIRCUIT COURT.

April 18, 1867.

OPINION OF THE COURT BY JUDGE WILLIAMS:

John Nalor, deceased, through whom appellee claims the land sold to appellant, bought it as early as the year 1827 from Samuel Ray, and he, his heirs, and their vendees have had uninterrupted, peaceable possession ever since, without any adverse claim so far as this record shows. Twenty acres of the land were assigned to Nalor's widow as dower; after her death the heirs of Jno. Nalor, being eight in number, or their vendees, petitioned the Circuit Court for a sale, alleging that the interest of each would not amount to more than $100, and that it was not susceptible of division in kind, and the court very properly adjudged a sale of this small tract, which appellee purchased at the commissioner's sale.

Robert Collier purchased and received a deed from six of John Nalor's heirs October 14, 1854, for their portions of the land descended to them, and which the deed recites had been assigned by partition, exclusive of the dower land.

Robert Collier conveyed by deed said land to Daniel Ray October 13, 1865. Daniel Ryan had sold the land, or that portion outside of the dower land of Mrs. Nalor, which Letcher sold to Nave, by title bond to Letcher, dated September 7, 1859.

Letcher by title bond dated July 21, 1864, sold forty acres of said land, including the twenty acres of dower land, to Nave, in which it is stipulated that Nave was to take the commissioner's deed for the twenty acres of dower land which would be made about 8th September following, and that Letcher would convey the other twenty acres about January 1st following.

Nave was put into possession of the land about January 1, 1865, and has so continued ever since, when July 17, 1865, he filed his petition demanding an exhibit of Letcher's title, averring that he had fully paid for the land and that Letcher had failed to convey, suggested that the land was so incumbered that he could not convey a good title, and asked a rescission of the contract. Letcher answered March 1, 1866, set out his title, averred that it was perfect, and tendered a deed to Nave.

Letcher explains the causes of delay: First, that the commissioner made to him a deed to the dower land instead of to Nave; second, that Ray had died, and though he had paid to him in his lifetime the entire purchase money, he had not made to him a deed which was the result of carelessness of both parties, but that he had with due diligence brought a suit for a title and had obtained it from Ray's widow and heirs by judgment of the Garrard Circuit Court; these proceedings and deed are made part of his answer. Upon this state of facts the court adjudged that Nave should accept the deed tendered him by Letcher, but adjudged him his costs, and dismissed his petition, from which he has appealed.

As Jno. Nalor and those claiming under him have had near thirty years' uninterrupted possession, his title from the Commonwealth must be deemed perfect.

The subsequent proceedings seem to be regular, and are sufficient to vest Letcher with the title possessed by Jno. Nalor to the land sold by him to Nave.

Time does not seem to have been of the essence of the contract; Nave has had possession of the land and no resulting injury has been shown in the delay to get the title, and Letcher seems to have used reasonable diligence to obtain the legal title from Rays' heirs.

We perceive no error in the judgment; wherefore, it is affirmed.